Jennie Jo NIELSEN, by James A. Johnson, her guardian ad litem, Randall Nielsen and Joyce Nielsen, Plaintiffs-Respondents-Petitioners,

v.

TOWN OF SILVER CLIFF and Tower Insurance Company, Inc., Defendants-Appellants.

Supreme Court

*No. 81–1390. Argued April 26, 1983.—Decided June 1, 1983.*

(Also reported in 334 N.W.2d 242.)

For the petitioners there were briefs by *James A. Johnson, C. Gordon Paulson* and *Korth, Rodd, Mouw, Johnson & Mustacci, S.C.*, Rhinelander, and *John L. Mouw* and *McNeil, Mouw & Torreano*, Iron Mountain, Michigan, and oral argument by *James A. Johnson*.

For the defendants-appellants there was a brief by *Rod A. Charnholm, Bruce B. Deadman* and *Everson, Whitney, Everson, Brehm & Pfankuch, S.C.*, Green Bay, and oral argument by *Mr. Deadman*.

WILLIAM G. CALLOW, J. This is a review of an unpublished decision of the court of appeals which reversed a portion of the judgment entered by the Marinette county circuit court, Judge William M. Donovan.

On September 3, 1977, Jennie Jo Nielsen, a minor child, was playing with some friends on property owned by the Town of Silver Cliff (Town) when a large stone monument fell over, landing on her leg. Jennie Jo's parents, Randall and Joyce Nielsen, quickly went to her aid. Randall lifted the monument so that Joyce could pull

Jennie Jo free. As a result of the accident, Jennie Jo suffered trauma to her right leg. Subsequently, Randall began to experience back problems.

Shortly after the incident, the Nielsens obtained legal counsel. In a letter dated September 26, 1977, their lawyer notified the Town of Jennie Jo's injuries. The letter made no mention, however, of any injuries suffered by Randall or Joyce. On May 19, 1978, Randall's attorney sent a letter to inform the Town's liability insurer, Tower Insurance Company, Inc. (Tower), that Randall had injured his back while lifting the monument. The attorney enclosed a medical examination report in which the examining physician attributed Randall's injury to the lifting episode. On August 7, 1978, Randall and Joyce submitted a claim for damages which notified the Silver Cliff town clerk of their injuries. On March 12, 1979, the Nielsens filed a complaint seeking to recover for the injuries suffered by Jennie Jo and Randall and the loss of their society and companionship.

On April 8, 1980, the Nielsens moved for a partial summary judgment establishing that Tower's liability was not limited to $25,000 by sec. 895.43, Stats., 1975 (hereinafter all references will be to 1975 statutes). The Nielsens argued that the insurance policy Tower sold to the Town contained a clause which expressly waived the $25,000 statutory damage limit. That clause, entitled "Waiver of Immunity," reads:

"It is hereby understood and agreed that the Company shall not use as a defense or limit to damage the provisions of Wisconsin Statute #895.43.

"Each and every waiver of defense as aforesaid shall be deemed to have been made upon the express request of the assured and the Company shall not, by reason of said waiver and any verdict against the assured resulting, be held to have subjected itself in any way to any liability for any portion of such verdict, which may be in excess of the limit of the liability expressed in the policy; pro-

vided that the Company shall not waive any such defense if it shall have received from the assured a timely request in writing that such or any such defense be not waived."

The trial court granted the motion, ruling that the "Waiver of Immunity" clause extended Tower's liability to the coverage limit of the policy ($300,000).

Immediately prior to trial, the parties raised the question of whether the Town or Tower had received timely notice of Randall's injuries within sec. 895.43(1), Stats. The Town argued that Randall's claim was barred for failure to satisfy the statutory notice requirements. Randall countered that the notice defense was waived by the "Waiver of Immunity" clause in the insurance policy. After a lengthy discussion, the trial court elected to delay a final decision on the matter. The trial was conducted before a twelve-member jury. On March 19, 1981, the jury returned a special verdict, finding the Town 100 percent negligent. The jury awarded damages of $30,000 (plus $1,849.18 in medical expenses determined by the court) to Jennie Jo and $46,298.90 to Randall for their injuries. In addition, Joyce was awarded $500 for the loss of Randall's society and companionship.

On May 7, 1981, the Town and Tower moved for judgment notwithstanding the verdict with respect to Randall's claim on the ground that he did not give them timely notice of his injuries as required by sec. 895.43, Stats.[1] The Nielsens in turn moved for judgment on the verdict. The trial court ruled that the "Waiver of Immunity" clause in the insurance policy waived not only the statutory damage limit but also the defense of failure to give notice as required by sec. 895.43. The trial court further held that, even if the notice defense could have been raised, it would not have been valid. The evidence established that the Town and Tower had actual notice of

---

[1] The postverdict motion also alleged several grounds for a new trial, none of which are relevant to this review.

Randall's injury and were not prejudiced by his failure to give timely written notice. Thus the sec. 895.43 notice requirement was satisfied. The court ordered judgment entered on the verdict.

The Town and Tower appealed from the whole judgment. On January 5, 1982, Jennie Jo, by her guardian ad litem, moved for summary disposition of that portion of the appeal relating to her damage award. In response, the Town and Tower agreed to voluntarily dismiss the appeal of that issue. The court of appeals granted the voluntary dismissal, limiting the appeal to that portion of the judgment awarding damages to Randall and Joyce.[2]

The Town and Tower raised for the first time on appeal the contention that Joyce did not give them timely notice of her loss. The court of appeals reversed the trial court's decision to award damages to Randall and Joyce, holding that their claims were barred for failure to satisfy the notice requirements of sec. 895.43, Stats. In reaching this conclusion, the court of appeals made the following determinations: First, the "Waiver of Immunity" clause in the insurance policy waived only the $25,000 damage limit under sec. 895.43, not the defense of failure to give notice. Second, under the statute, actual notice—like written notice—must be given within 120 days of the event causing the injury. Third, the trial court's finding that the Town had timely actual notice of Randall's injury was contrary to the great weight and clear preponderance of the evidence. Finally, Joyce's claim is a separate, albeit derivative, cause of action, and there is no evidence that she complied with the notice requirements of sec. 895.43. We granted the Nielsen's petition for review.

---

[2] The court of appeals erroneously ordered the judgment affirmed in part and reversed in part. Since the issue of Jennie Jo's damage award was already dismissed, the appellate court affirmed no part of the judgment.

Prior to 1961 local units of government were generally immune from tort liability. In *Holytz v. Milwaukee,* 17 Wis. 2d 26, 115 N.W.2d 618 (1962), this court abrogated the doctrine of municipal immunity. Shortly after the *Holytz* decision, the legislature enacted Chapter 198, Laws of 1963, which created sec. 331.43, Stats. This statute established liability limitations and notice requirements for tort actions against local units of government. Sec. 331.43 was subsequently renumbered to sec. 895.43,[3] which, at the time this action arose, provided in pertinent part:

"TORT ACTIONS AGAINST POLITICAL CORPORATIONS, GOVERNMENTAL SUBDIVISIONS OR AGENCIES AND OFFICERS, AGENTS OR EMPLOYES; NOTICE OF INJURY; LIMITATION OF DAMAGES AND SUITS. (1) No action founded on tort, except as provided in s. 345.05, shall be maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of such corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment unless within 120 days after the happening of the event causing the injury or damage or death complained of, written notice of the time, place and circumstances of the injury or damage signed by the party, agent or attorney is served on such volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the damage or injury and the injured party shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe."

---

[3] Sec. 895.43, Stats., 1975, has since been amended and renumbered to sec. 893.80, Chapter 323, Section 29, Laws of 1979.

Procedurally, noncompliance with sec. 895.43(1) must be pled as a defense by the municipality. *Majerus v. Milwaukee County*, 39 Wis. 2d 311, 317, 159 N.W.2d 86 (1968). The plaintiff need not allege in the complaint that written notice was given or that the municipality had actual notice and was not prejudiced. However, the plaintiff bears the burden of proving these facts. *Weiss v. City of Milwaukee*, 79 Wis. 2d 213, 227, 255 N.W.2d 496 (1977).

In the instant case the court of appeals misinterpreted sec. 895.43(1), Stats., when it held that actual notice must be given within 120 days of the event causing the injury. The purpose of sec. 895.43(1) is to avoid prejudice to governmental units resulting from the late filing of claims. Specifically, the notice requirements are designed to ensure that governmental units have a sufficient opportunity to investigate all incidents giving rise to tort claims. Thorough investigations guard against specious claims and may help prevent similar accidents in the future. *Rabe v. Outagamie County*, 72 Wis. 2d 492, 497, 241 N.W.2d 428 (1976). In furtherance of this purpose, sec. 895.43(1) establishes a mechanism to determine when a claim should be barred for prejudice. A claim is automatically preserved if written notice is given within 120 days after the event causing the injury. The receipt of timely written notice creates a conclusive presumption of no prejudice. However, noncompliance with the written notice requirement does not necessarily bar a claim. The statute provides that actual notice is sufficient to maintain a claim if the plaintiff shows that the governmental unit was not prejudiced. This method of preserving the claim does not need a time limit because a subjective showing of no prejudice assures that the statute's purpose has been satisfied regardless of when actual notice is received. This conclusion accords with the plain

language of the statute which establishes no time limit for actual notice.

Furthermore, the holding of the court of appeals is contrary to the decision of this court in *Weiss v. City of Milwaukee, supra.* In *Weiss* the plaintiff brought a personal injury action against the city of Milwaukee. The city moved to dismiss the action on the ground that the statutory notice requirements had not been satisfied. It was undisputed that the plaintiff failed to give the city written notice of his injuries within the 120-day period following the accident. However, two years after the accident the city received actual notice in the form of a claim for damages. The record reflected that after careful consideration the trial court found the city was not prejudiced by the lack of timely written notice. We held that the trial court did not err in denying the city's motion to dismiss. Thus *Weiss* establishes that under sec. 895.43 (1), Stats., a tort claim may be preserved by actual notice received more than 120 days after the event causing the injury provided the claimant shows that the failure to give timely written notice was not prejudicial to the municipality.

In accordance with *Weiss*, we conclude that the claims of Randall and Joyce Nielsen are not barred. Tower received actual notice of Randall's injuries in a letter from his attorney approximately eight months after the incident. Randall and Joyce also notified the Town of their injuries in a claim for damages dated August 7, 1978. Thus the Town had actual notice approximately a year after the incident—well within the time period accepted in *Weiss*.

Furthermore, the trial court held that the Town was not prejudiced by the lack of timely written notice. Even though the Town did not have immediate notice of Randall's injuries, the trial court found that it had ample

opportunity to investigate his claim after receiving actual notice.

We conclude that the evidence supports the trial court's finding of no prejudice. Tower's investigation of the incident was not impaired. Its representative arrived in Silver Cliff four days after the accident occurred. He was able to take photographs of the monument before it was moved and to question witnesses. A claims manager for Tower conceded that the company received early notice of the incident and was not prejudiced in its investigation of the accident scene.

Tower, however, argues that it was prejudiced in its investigation of Randall's injuries. We disagree. The evidence shows that Tower had the opportunity to conduct a sufficient investigation, notwithstanding the lack of timely written notice. Tower obtained an independent medical evaluation of Randall's injuries. The fact that the examination was not held until February of 1981 does not establish prejudice. Tower could have scheduled the examination earlier but chose not to do so. Moreover, there is no evidence that an earlier examination would have yielded a better, more accurate evaluation. Indeed, the trial testimony of the examining physician indicates that, despite the time lapse between the accident and the examination, he was able to fully analyze Randall's injuries. Thus Tower's trial defense was not prejudiced. Nor was Tower's ability to settle this case impaired. Tower had nearly three years—from the date it received actual notice until the date of trial—to reach a settlement. Earlier notice would have made no appreciable difference. For the foregoing reasons, we conclude that the trial court's finding of no prejudice was not against the great weight and clear preponderance of the evidence and, therefore, must be affirmed. The trial court did not make a finding as to prejudice with respect to Joyce's claim

because the Town and Tower did not raise the issue at that stage. However, since her claim is derived from Randall's injuries, we find that her failure to give timely notice is also nonprejudicial.

We hold that the requirements of sec. 895.43, Stats., were satisfied.[4] Therefore, the claims of Randall and Joyce Nielsen are not barred.

*By the Court.*—The decision of the court of appeals is reversed.

---

[4] Because we find that the notice requirements of sec. 895.43 (1), Stats., were satisfied, we need not reach the question of whether the "Waiver of Immunity" clause in the insurance policy waived the defense of failure to give timely notice. We neither approve nor disapprove of the court of appeals' resolution of this issue.