Robert J. PROBST and Accord, Inc., Plaintiffs-Appellants,†

v.

WINNEBAGO COUNTY, Winnebago County Department of Community Programs, Thomas Saari, Keith Laux, John Phillip and Paul Stevenson, Defendants-Respondents.

Court of Appeals

*No. 98–0451. Submitted on briefs December 28, 1998.—Decided March 17, 1999.*

(Also reported in 593 N.W.2d 478.)

†Petition to review denied.

753

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Mark A. Kent* of *Law Offices of Mark A. Kent* of Wauwatosa.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John E. Thiel* and *Tony J. Renning* of *Godfrey & Kahn, S.C.* of Appleton.

Before Snyder, P.J., Brown and Anderson, JJ.

SNYDER, P.J.   Robert J. Probst and Accord, Inc. (Accord) appeal from a judgment dismissing their claims against Winnebago County and others relating to the alleged diversion of drunk drivers from Accord's drug and alcohol treatment program. We affirm the circuit court because we agree that Accord's notice of claim did not satisfy the requirements of § 893.80, STATS.

In August 1994, Probst gave Winnebago County notice of his claim relating to Accord's status as a drug and alcohol treatment provider. The notice stated that Accord was certified in July 1990 as a drug and alcohol outpatient counseling facility and was eligible to provide treatment to convicted drunk drivers as of that date. Accord was advised in July 1990 by the Winnebago County Department of Community Programs Alcohol and Drug Abuse Coordinator that it had been placed on a treatment provider list and was available to be selected by convicted drunk drivers. However, Accord later learned that it had not been placed on the list. When it later appeared on the list, it was mistakenly described until May 1992 as having a "provisional AODA certification."

Accord claimed that while administrative code provisions allow convicted drivers to select providers of the programs in their driver safety plans, Winnebago County and its employees "intentionally, systematically and continually on a day to day basis since July 1990 up and through the date of this Notice of Claim and Claim, made the choice for the client, consistently referring the clients to treatment programs other than Accord, Inc. . . . [rather than allowing] the clients to independently choose the treatment provider." Accord

claimed to have experienced financial loss as a result of the alleged referral process and alleged that Winnebago County's conduct constituted "intentional interference with prospective contract rights, prima facie tort, negligence and further violate[d] Chapter 133.03 and 134.01 Wis. Stats."

Winnebago County denied the claim. Probst filed suit in Winnebago County in March 1995 alleging the substance of the notice of claim.[1] Winnebago County filed a motion for summary judgment claiming, inter alia, that Accord's claims were limited to matters that occurred within 120 days of the August 1994 notice of claim and that Accord's complaint did not allege any fact which occurred within 120 days of the notice of claim. The circuit court agreed, granted summary judgment and dismissed Accord's complaint. Accord appeals.

■

An appeal from a grant of summary judgment raises an issue of law which we review de novo by applying the same standards employed by the trial court. *See Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *See Streff v. Town of Delafield*, 190 Wis. 2d 348, 353, 526 N.W.2d 822, 824 (Ct. App. 1994).

Accord's notice of claim refers to events occurring from 1990 through 1992, and the complaint essentially

---

[1] The case was held in abeyance pending resolution of another circuit court suit filed by Accord. The latter case was dismissed and the dismissal was affirmed on appeal. *See Probst v. Winnebago County*, 208 Wis. 2d 280, 560 N.W.2d 291 (Ct. App.), *review denied*, 208 Wis. 2d 213, 562 N.W.2d 602 (1997).

incorporates those allegations. Winnebago County argued that Accord had failed to put it on notice of any act that occurred within 120 days of August 1994.

In opposition to the summary judgment motion, Accord argued that the complaint alleged acts of the County which harmed Accord and that Accord gave notice to the County of a continuing course of conduct relating to referrals to other providers.

Section 893.80(1)(a), STATS., 1993–94, provides:

> Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision or agency and on the officer, official, agent or employe . . . . Failure to give the requisite notice shall not bar action on the claim if the . . . subdivision or agency had actual notice of the claim . . . .

■

A notice of claim which complies with § 893.80(1)(a), STATS., 1993–94, and denial of the claim by the municipality are prerequisites to the commencement of a circuit court action. *See* § 893.80(1)(a), (b); *see also Probst v. Winnebago County*, 208 Wis. 2d 280, 285, 560 N.W.2d 291, 293 (Ct. App.), *review denied*, 208 Wis. 2d 213, 562 N.W.2d 602 (1997). Here, the August 1994 notice of claim did not allege any acts occurring within 120 days of the notice date. Accord argues that this is not the standard and that the notice and subsequent complaint alleged a continuing course of conduct by the County. However, Accord cites no legal authority for the proposition that alleging an ongoing course of conduct without identifying a specific circumstance or example of that conduct occurring within 120 days of the notice of claim satisfies the requirements of

§ 893.80(1)(a), and we have not located any such authority.

There were no factual disputes on summary judgment relating to the existence of identifiable conduct within 120 days of the notice. Such allegations would have "provide[d] the municipality with the information necessary to decide whether to settle the claim and furnish[ed] it with sufficient information so that it [could] budget accordingly for either a settlement or litigation." *Probst,* 208 Wis. 2d at 286, 560 N.W.2d at 293.

*By the Court.*—Judgment affirmed.