# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case Nos.:  **2019AP954**
**2019AP1489**

Complete Title of Case:

### No. 2019AP954

**JOYCE S. CLARK,**

    **PLAINTIFF-APPELLANT,**

**U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES AND UNITED WISCONSIN INSURANCE COMPANY,**

    **INVOLUNTARY-PLAINTIFFS,**

    **V.**

**LEAGUE OF WISCONSIN MUNICIPALITIES MUTUAL INSURANCE COMPANY, CITY OF OSHKOSH, JEAN WOLLERMAN AND JAMES RABE,**

    **DEFENDANTS-RESPONDENTS.**

### No. 2019AP1489

**JOYCE S. CLARK,**

    **PLAINTIFF-APPELLANT,**

**U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES AND UNITED WISCONSIN INSURANCE COMPANY,**

    **INVOLUNTARY-PLAINTIFFS,**

    **V.**

**LEAGUE OF WISCONSIN MUNICIPALITIES MUTUAL INSURANCE COMPANY, CITY OF OSHKOSH, JEAN WOLLERMAN AND JAMES RABE,**

| | |
|---|---|
| Opinion Filed: | March 31, 2021 |
| Submitted on Briefs: | July 16, 2020 |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Gundrum and Davis, JJ. |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael J. Kuborn* of *Apex Accident Attorneys, LLC*, of Oshkosh. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Ashley C. Lehocky* of *Town Counsel Law & Litigation, LLC*, of Appleton. |

COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.   **2019AP954**
            **2019AP1489**

Cir. Ct. No.  **2018CV848**

STATE OF WISCONSIN

IN COURT OF APPEALS

---

NO. 2019AP954

JOYCE S. CLARK,

  PLAINTIFF-APPELLANT,

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES AND UNITED WISCONSIN INSURANCE COMPANY,

  INVOLUNTARY-PLAINTIFFS,

 V.

LEAGUE OF WISCONSIN MUNICIPALITIES MUTUAL INSURANCE COMPANY, CITY OF OSHKOSH, JEAN WOLLERMAN AND JAMES RABE,

  DEFENDANTS-RESPONDENTS.

---

NO. 2019AP1489

JOYCE S. CLARK,

  PLAINTIFF-APPELLANT,

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES AND UNITED WISCONSIN INSURANCE COMPANY,

**INVOLUNTARY-PLAINTIFFS,**

**V.**

**LEAGUE OF WISCONSIN MUNICIPALITIES MUTUAL INSURANCE COMPANY, CITY OF OSHKOSH, JEAN WOLLERMAN AND JAMES RABE,**

**DEFENDANTS-RESPONDENTS.**

APPEALS from orders of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Reversed and cause remanded with directions*.

Before Neubauer, C.J., Gundrum and Davis, JJ.

¶1    DAVIS, J.   This is a personal injury action by Joyce S. Clark against the City of Oshkosh (the City).   The defendant's status as a governmental subdivision brings into play the statutory notice of injury requirement. *See* WIS. STAT. § 893.80(1d)(a) (2017-18)[1] (as relevant here, a plaintiff must serve on a city defendant written notice of the circumstances of the claim, meeting certain statutory requirements, *or* must demonstrate that the failure to provide such notice was not prejudicial).  Whether Clark complied with this requirement and, if not, whether her noncompliance should be excused are the primary issues on appeal.

¶2    The trial court granted the City's motion for summary judgment on the grounds that Clark had met neither the written notice requirement nor the statutory prerequisite for excusing noncompliance—lack of prejudice to the City. We agree with the former finding but not the latter, at least for summary judgment

---

[1]  All references to the Wisconsin Statutes are to the 2017-18 version.

purposes. Although Clark did not provide formal written notice, she sufficiently raised an issue of fact as to whether the City was thereby prejudiced. We consequently remand for further proceedings on that issue.

## BACKGROUND

¶3 Clark was a sewing instructor with Fox Valley Technical College (the College).[2] As part of her job, she taught classes at the City-owned Oshkosh Senior Center (the Senior Center). On October 17, 2015, Clark unlocked and walked through one of the entrance doors to the Senior Center. The door closed faster than usual behind her, knocking her off balance and causing her to fall. Two of Clark's students helped her to her feet.

¶4 Later that day, Clark told her supervisor that she had been injured at work. The supervisor, on Clark's behalf, filled out an online "Employer's First Report of Injury or Disease" (the Injury Form); this is a standard Wisconsin Department of Workforce Development workers' compensation form that is used to report work-related injuries to the employer's insurer. On the Injury Form, the supervisor (mistakenly) listed Clark's employer as "City of Oshkosh" and not the College. The Injury Form described the incident and injury as follows:

> **Injury Description**—Describe Activities of Employee When Injury or Illness Occurred and What Tools, Machinery, Objects, Chemicals, Etc. Were Involved.
>
> **I was attempting to enter building thru electric controlled door which was turned off**
>
> What Happened to Cause This Injury o[r] Illness? (Describe How The Injury Occurred)

---

[2] For the purpose of this decision, we accept as true all facts concerning Clark's physical injury alleged in the complaint or attested to by Clark in her summary judgment affidavits.

3

> **Door closed unexpectedly and hit employee, she lost
> balance and hit glass wall face first.**
>
> What Was the Injury or Illness? (State the Part of Body
> Affected and How It Was Affected)
>
> **employe[e] has bruised cheek and left hip**

Checked boxes on the Injury Form also indicated that Clark returned to work on October 21, that hers was not a "Lost Time or Other Compensable Injury," and that she was not treated in an emergency room. Clark reviewed and approved the Injury Form and provided it to the supervisor, who then sent it electronically to the City.

¶5     Paul Greeninger, a City safety and risk management officer, received the Injury Form. He could not verify that Clark was a City employee, so he asked Mark Ziemer, the City senior services manager, about the matter. Ziemer oversaw Senior Center operations and was familiar with Clark; he explained that Clark was a College and not a City employee. Greeninger informed Clark of her mistake, and sometime thereafter, Clark properly filed a new workers' compensation form.

¶6     Greeninger, now aware of Clark's fall, investigated. Within the week, he examined the door and spoke with "individuals over at the Senior Center," including "the facilities person." Greeninger learned that employees had been switching off the door's "disabled person capability" button at night to preserve the motor. That button, when pushed, normally allowed the door to slowly open and close on its own. Because this functionality was turned off on the day of Clark's accident, however, the door swung back at Clark faster than she expected and hit her. Once Greeninger concluded that the door "was still operable," he ended his investigation. Greeninger thus summarized the extent and purpose of his inquiry as follows:

> Initially it came that, as I recall, the door was broken and I
> wanted to know, if it is broken, we need to fix it. We found

> out it was not broken. So as far as I was concerned, there was nothing that needed to be fixed. There wasn't—in my job, was there uneven surface, was there liquids, did they trip, did they fall, all those things? None of that was there, so as far as I was concerned, as a safety person, there was nothing that needed to be fixed. So at that point my investigation was done.

¶7 At some point over the two and one-half years between the date of her fall and April 2018, Clark began suffering severe aftereffects. The fall "significantly exacerbated" a "previously slight, asymptomatic, pre-existing, arthritic condition … leading to a hip replacement and in that process an infection … which damaged [her] kidneys." On April 12, 2018, Clark filed a notice of claim form with the City. *See* WIS. STAT. § 893.80(1d)(b) (as relevant here, suit may not be brought against a city unless a claim containing the claimant's address and an itemized statement of relief sought is properly filed, and the city disallows the claim). Clark attested that she "suffered injuries to her face; left hip; and, other injuries," requiring treatment by multiple providers and resulting in "permanent injury with permanent residual limitations." She "demand[ed] satisfaction in the amount of $50,000.00" and attached an itemized list of medical bills.

¶8 In October 2018, Clark brought suit. The City moved for summary judgment, arguing that Clark had not complied with the notice of injury requirement of WIS. STAT. § 893.80(1d)(a).[3] The first sentence of § 893.80(1d)(a) concerns formal notice of injury; as applicable to Clark's suit, it states that no action may brought against a city unless, within 120 days of the "event giving rise to the claim, written notice of the circumstances of the claim" is signed by the claimant, her agent, or her attorney *and* is personally served on the city mayor, manager, or clerk (or left with the person in charge of such office) per the personal jurisdiction requirements

---

[3] The City raised additional arguments on summary judgment, including that Clark did not comply with the statute of limitations; these issues are not before us on appeal.

5

of WIS. STAT. § 801.11(4)(a)3., (b).  The City pointed out—and the trial court agreed—that Clark unquestionably did not provide formal notice of injury:  the only document the City received within 120 days of Clark's fall was the electronic Injury Form, which was neither signed nor properly served pursuant to § 801.11.

¶9      Where a claimant fails to give formal notice, the action is not barred if the claimant substantially complies with WIS. STAT. § 893.80(1d)(a)—meaning that the defendant "had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite [formal] notice has not been prejudicial to the defendant."  *Id.*; ***Bostco LLC v. Milwaukee Metro. Sewerage Dist.***, 2013 WI 78, ¶88, 350 Wis. 2d 554, 835 N.W.2d 160.  The court determined that the Injury Form did not and could not provide actual notice, because although it stated that Clark was physically injured, it did not inform the City of her *claim.*  The court therefore found that the City did not have actual notice until April 2018, when Clark's notice of claim form alerted the City both that she had been injured *and* that she was seeking to hold it liable.  The court further determined that this delay "was a fairly extensive period of time," such that permitting Clark's suit to proceed would really "defeat[] the purpose of the statute in allowing the governmental entity to make a prompt investigation of the circumstances giving rise to a claim."  Accordingly, the court concluded that Clark had not met her burden of showing lack of prejudice from her failure to give timely written notice.

¶10      Clark moved for reconsideration and relief from judgment, which the trial court denied.  Additional facts will be noted where relevant.

**DISCUSSION**

*Legal Principles*

6

¶11 In most respects, this is a garden-variety personal injury claim, no different than a slip-and-fall suit alleging negligence against a property owner, and the sort of claim that is a mainstay of our civil dockets. In one crucial respect, however, this case is different: because Clark's injury occurred on City-owned property, Clark's negligence claim lies against the City. That fact brings into play the statutory requirement that Clark give two separate types of notice before she can file suit on her claim. *See* WIS. STAT. § 893.80(1d).[4]

¶12 The first notice, under WIS. STAT. § 893.80(1d)(a), is often referred to as the notice of injury. *See Yacht Club at Sister Bay Condo. Ass'n v. Village of Sister Bay*, 2019 WI 4, ¶20, 385 Wis. 2d 158, 922 N.W.2d 95. The primary purpose

---

[4] WISCONSIN STAT. § 893.80(1d) states that, except as otherwise provided under § 893.80:

> [N]o action may be brought or maintained against any volunteer fire company organized under [WIS. STAT.] ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employee of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:
>
> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employee under [WIS. STAT. §] 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employee; and
>
> (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed.

of this notice is to enable governmental entities to promptly investigate and evaluate the underlying circumstances that may later give rise to a claim.  *Id.*; *Elkhorn Area Sch. Dist. v. East Troy Cmty. Sch. Dist.*, 110 Wis. 2d 1, 5, 327 N.W.2d 206 (Ct. App. 1982).

¶13    The first sentence of WIS. STAT. § 893.80(1d)(a) outlines the requirements of formal notice of injury:  within 120 days of the event giving rise to the claim, the plaintiff must serve on the defendant, pursuant to WIS. STAT. § 801.11, "written notice of the *circumstances* of the claim," signed by the plaintiff or his or her agent or attorney.  (Emphasis added.)  Thus, there are four elements of formal notice:  proper timing (within the first 120 days), proper service under § 801.11 (governing service of process in civil actions), proper signatory, and a description "of the circumstances of the claim."  Notably, by the plain language of the statute, formal notice need not apprise the defendant of the claim itself—as will be discussed below, that comes later.  Rather, this notice simply alerts the defendant that an incident occurred that might thereafter ripen into a claim.  That such notice is "of the circumstances" makes sense when one considers that plaintiffs may not always realize the extent, or even existence, of the injuries giving rise to a claim within the first 120 days of an accident.

¶14    To mitigate the potential harshness that might ensue from the strict application of this requirement, the statute contains a "savings clause."  *See Van v. Town of Manitowoc Rapids*, 150 Wis. 2d 929, 933, 442 N.W.2d 557 (Ct. App. 1989).  The second sentence of WIS. STAT. § 893.80(1d)(a) allows for substantial compliance, excusing the plaintiff's failure to provide formal notice where: (1) the defendant "had actual notice of the claim," and (2) the plaintiff "shows to the satisfaction of the court that the delay or failure to give the requisite [formal] notice has not been prejudicial."  *See* WIS. STAT. § 893.80(1d)(a); *Bostco LLC*, 350

Wis. 2d 554, ¶88. In at least one respect, the actual notice requirement may be more difficult to meet than formal notice: actual notice must be "of the *claim*," rather than of the mere "circumstances" that may later give rise to a claim. (Emphasis added.) We will discuss this point further below. On the other hand, actual notice is not limited to a particular timeframe and may occur outside the 120 days following the injury-causing event. *Nielsen v. Town of Silver Cliff*, 112 Wis. 2d 574, 580-81, 334 N.W.2d 242 (1983).

¶15 The second required notice is "[a] claim containing the address of the claimant and an itemized statement of the relief sought … presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant." WIS. STAT. § 893.80(1d)(b). This portion of the statute is referred to as the notice of claim requirement and serves the primary purpose of giving the defendant "the opportunity to compromise and settle a claim, thereby avoiding costly and time-consuming litigation."[5] *Yacht Club at Sister Bay*, 385 Wis. 2d 158, ¶20.

¶16 This appeal concerns Clark's compliance with WIS. STAT. § 893.80(1d)(a), the notice of injury requirement. Whether a plaintiff has satisfied this requirement, either through formal notice or substantial compliance, is ultimately a question of law that may be appropriate for summary judgment.[6] *See*

---

[5] The notice of claim requirement may also effectively expedite the litigation process. The claimant cannot file suit until the claim presented "is disallowed," which the defendant may accomplish either by serving a notice of disallowance on the claimant or by simply failing to take any action within 120 days. WIS. STAT. § 893.80(1d)(b), (1g). Where the defendant serves a notice of disallowance, the claimant must bring suit within six months Sec. 893.80(1g).

[6] To be precise, where the proceeding below involved fact-finding, we review those findings under the deferential "clearly erroneous" standard, but we determine de novo whether statutory notice was thereby effected. *See E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶17, 335 Wis. 2d 720, 800 N.W.2d 421. As this case was decided on summary judgment, we owe no deference to the trial court.

*E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶17, 335 Wis. 2d 720, 800 N.W.2d 421; *Moran v. Milwaukee County*, 2005 WI App 30, ¶5, 278 Wis. 2d 747, 693 N.W.2d 121. Summary judgment shall be granted where the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "In order to survive summary judgment, the party with the burden of proof on an element in the case must establish that there is at least a genuine issue of fact on that element by submitting evidentiary material 'set[ting] forth specific facts' … pertinent to that element." *Moran*, 278 Wis. 2d 747, ¶5 (citation omitted). Thus, a plaintiff seeking to demonstrate substantial compliance with the notice of injury requirement bears the burden, on summary judgment, of introducing sufficient evidence raising a genuine issue of material fact as to when the defendant received actual notice and whether the defendant was prejudiced by the plaintiff's failure to give formal notice. *Id.*

*Application of Legal Principles to This Case*

¶17     There is no dispute that Clark provided the second required notice under WIS. STAT. § 893.80(1d)(b) when, on April 12, 2018, she submitted her notice of claim form to the City. This notice described her accident, injuries, and expenses, and demanded $50,000, the maximum allowed by § 893.80(3).

¶18     It is equally undisputed that Clark did *not* provide the first required notice, the formal notice of injury under WIS. STAT. § 893.80(1d)(a).[7] That is, Clark

---

[7] More accurately, it is undisputed that Clark did not comply with the statutory requirements for formal notice. Clark argues that one may "substantially comply" with the formal notice requirement, but she has misconstrued the law. To provide notice of injury, a plaintiff must either strictly comply with the formal notice requirement or substantially comply *with WIS. STAT. § 893.80(1d)(a)* by demonstrating actual notice of the claim and lack of prejudice to the defendant. *Bostco LLC v. Milwaukee Metro. Sewerage Dist.*, 2013 WI 78, ¶88, 350 Wis. 2d 554, 835 N.W.2d 160.

did not, within 120 days of her accident, serve on the City a signed notice describing the circumstances of her claim. Instead, she mistakenly sent the City the Injury Form—the online workers' compensation form describing her fall and injuries. Although this form was submitted within the proper timeframe, it was neither signed by Clark nor served in compliance with WIS. STAT. § 801.11.

¶19     This case, then, boils down to whether: (1) the City had "actual notice of the claim," and (2) Clark showed that the City was not prejudiced by her failure to satisfy the statutory requirements of formal notice. More specifically, the question is whether factual disputes on these issues precluded summary judgment in the City's favor.[8]

The City had "actual notice of the claim" by virtue of Clark's April 12, 2018 notice of claim form

¶20     As we have already discussed, under WIS. STAT. § 893.80(1d)(a), the actual notice necessary to effectuate substantial compliance is "of the *claim*." (Emphasis added.) On the surface it may seem curious that formal notice is "of the circumstances of the claim" whereas its substitute, actual notice, is "of the claim"— until one recalls that the purpose of either notice "is to allow governmental authorities to make a prompt investigation of the circumstances giving rise to a

---

[8] The following analysis considers only the facts presented on summary judgment. Clark raised additional facts in her motion for reconsideration and relief from judgment, as to when the City received actual notice and whether the City was prejudiced. The trial court found that this evidence was not newly discovered and could have been introduced on summary judgment; accordingly, the court declined to reconsider its ruling or grant relief from judgment on that or any other basis. *See Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶¶44-48, 275 Wis. 2d 397, 685 N.W.2d 853; WIS. STAT. § 806.07(1). We agree with the court's findings and analysis and, as a result, uphold this discretionary determination. *See Koepsell's Olde Popcorn Wagons, Inc.*, 275 Wis. 2d 397, ¶6. Accordingly, we disregard any facts introduced after summary judgment, and we deem forfeited any arguments that rely on these facts. *See State v. Huebner*, 2000 WI 59, ¶¶10-11 & n.2, 235 Wis. 2d 486, 611 N.W.2d 727.

11

claim." *See **Elkhorn Area Sch. Dist.***, 110 Wis. 2d at 5. By its very nature (timing, signature, and service) formal notice conveys to the defendant that the injured party is at least contemplating filing suit. Actual notice, which may occur in a variety of ways, carries no such implication. Thus, to allow the defendant to meaningfully investigate "the circumstances" of a claim, actual notice should include some indication that the injured party intends to hold the defendant liable. *See **Markweise v. Peck Foods Corp.***, 205 Wis. 2d 208, 220-21, 556 N.W.2d 326 (Ct. App. 1996); ***Felder v. Casey***, 139 Wis. 2d 614, 628-631, 408 N.W.2d 19 (1987), *rev'd on other grounds*, 487 U.S. 131 (1988).

¶21 The parties spend much of their briefing on whether the City had actual notice by virtue of the Injury Form, discussions between Clark and City-employed staff at the Senior Center, or both. Given that actual notice must apprise the defendant of the injured party's *claim*, we hold that these early communications—focused as they were solely on the cause of Clark's injury—did not meet the actual notice requirement. But, again, under the savings clause, there is no timeframe for providing actual notice (unlike the 120-day requirement for formal notice). As our supreme court stated in ***Nielsen***:

> The statute provides that actual notice is sufficient to maintain a claim if the plaintiff shows that the governmental unit was not prejudiced. *This method of preserving the claim does not need a time limit because a subjective showing of no prejudice assures that the statute's purpose has been satisfied regardless of when actual notice is received.* This conclusion accords with the plain language of the statute which establishes no time limit for actual notice.

*Nielsen*, 112 Wis. 2d at 580-81 (emphasis added).

¶22 This legal point makes the question of when the City had "actual notice of the claim" largely academic at this point in the analysis. There can be no question that the City had such notice when, on April 12, 2018, it received Clark's

notice of claim form under WIS. STAT. § 893.80(1d)(b) (this form apprised the City of both Clark's injury and her claim for reimbursement for medical expenses). But although we do not consider the parties' prior communications sufficient to satisfy the actual notice requirement, they are nonetheless relevant to the prejudice analysis—to which we now turn.

<u>Clark raised a genuine issue of material fact on the issue of prejudice, necessitating remand for further proceedings</u>

¶23 As our review is from summary judgment, the specific question is whether Clark raised a genuine issue of material fact as to whether she could meet her burden to show that the City was not prejudiced by the lack of formal notice. *See Moran*, 278 Wis. 2d 747, ¶5. Prejudice in this context has been defined as "the inability of a party to adequately defend a claim" because the party lacked sufficient opportunity to conduct a prompt investigation. *Olsen v. Township of Spooner*, 133 Wis. 2d 371, 379-80, 395 N.W.2d 808 (Ct. App. 1986). The trial court found that the City was prejudiced because of "the passage of time." This was in reference to submission of the April 2018 notice of claim form, which served double-duty as both actual notice under the savings clause and notice of claim under WIS. STAT. § 893.80(1d)(b). In the trial court's view, such delay between injury and notice was too "extensive" to allow the City to "make a prompt investigation of the circumstances giving rise to a claim."

¶24 We would likely agree with the trial court if, in fact, the only communication the City received was a form submitted two and one-half years after the accident. But that, of course, was not when the City first learned of Clark's fall or injuries (such as they were at that point). Almost immediately after the accident,

the City received the Injury Form stating that Clark had fallen and sustained what she then believed to be minor injuries. As noted above, other discussions ensued shortly thereafter. Although these communications did not satisfy the statutory requirements for formal notice of injury, or even the savings clause criteria for "actual notice of the claim," they nonetheless cannot be ignored when assessing prejudice. Upon receiving the Injury Form, Greeninger, the City safety and risk management officer, investigated the cause of the accident within the week. He determined that the door was not broken but, rather, that an electronic mechanism had been turned off. This caused the door to close more quickly than expected, hitting Clark and causing her to fall. As the extent of Clark's injuries was then unknown, Greeninger's inquiry likely encompassed most, if not all, of what the City could have investigated at that point. Of course, Greeninger, as a "safety person," focused on whether anything "needed to be fixed," so it is unclear if he performed as comprehensive an investigation as would have occurred with formal notice or what, if anything, a different investigation would have yielded. Such questions will be pertinent on remand, but on this record, we cannot conclude that the City was prejudiced as a matter of law.

¶25    The above analysis underscores a key point in applying the notice of injury provision. The date on which a defendant had "actual notice of the claim" *may* bear on prejudice—but it is certainly not dispositive. By the express terms of the statute, prejudice is from "the delay or failure to give the *requisite* notice." *See* WIS. STAT. § 893.80(1d)(a) (emphasis added). The "requisite" notice is the formal notice of injury under § 893.80(1d)(a). As previously discussed, such formal notice need only describe the *circumstances* of the claim, not the claim itself. That makes the key inquiry as follows: What, if anything, would the defendant have done

differently had the plaintiff timely served a statutorily compliant written notice describing those circumstances?

¶26     It is conceivable that the answer to this "what if" question could be affected by when the defendant first learned of the actual *claim*.  An example might be where the defendant's awareness of an injury was not enough to prompt an investigation sufficient to protect the defendant's interests—where, in other words, only the defendant's knowledge of a potential *lawsuit* could have prompted such an investigation.  But whether that is true in any given case should be assessed as part of the overall factual inquiry into prejudice.

¶27     Here it is undisputed that the City, by way of the Injury Form, almost immediately learned of the underlying circumstances giving rise to Clark's claim, long before it had actual notice of the claim itself.  There is evidence to suggest that this knowledge enabled the City to perform (and that it did perform) the very type of investigation that formal notice of injury was designed to afford.  Thus, the City may have had "a sufficient opportunity to investigate all incidents giving rise to tort claims" and to "guard against specious claims."  *See Nielsen*, 112 Wis. 2d at 580.  Although the burden remains on Clark, on remand, to show a lack of prejudice, the

15

evidence is sufficient to at least raise a genuine issue of material fact on that issue, precluding summary judgment in favor of the City.[9]

¶28 We therefore remand for further proceedings so that the necessary findings and conclusions on prejudice, or lack thereof, can be made to the trial court's satisfaction. *See* WIS. STAT. § 893.80(1d)(a) (lack of prejudice shall be determined "to the satisfaction of the court"). On remand, the court will need to evaluate whether the City had a sufficient opportunity to perform an investigation and, if not, what prejudice may have resulted. These proceedings should focus on prejudice only and should not re-determine other issues of statutory compliance.[10]

*By the Court.*—Orders reversed and cause remanded with directions.

---

[9] In reaching this decision, we have considered the City's position that summary judgment was appropriate because Clark did not directly argue the issue of prejudice in her summary judgment response brief. Such failure on Clark's part makes this case more difficult. Clark's summary judgment response, however, argued that actual notice occurred when Clark provided the Injury Form to the City. As part of this argument, Clark discussed Greeninger's investigation and asserted that the City was able to timely investigate and evaluate Clark's claim; she also attached supporting deposition evidence. In our view, such argument, while clouding the distinction between actual notice and prejudice, sufficiently raised the prejudice issue, particularly since lack of prejudice was expressly argued at the hearing and addressed on the merits by the trial court. We stress, however, that plaintiffs seeking to demonstrate lack of prejudice under WIS. STAT § 893.80(1d)(a) in a dispositive proceeding should do so front and center, presenting all their supporting facts and argument in their briefing. As noted in the passage quoted above from *Nielsen*, prejudice, not the date of "actual notice," will generally be the key inquiry in cases concerning substantial compliance with § 893.80(1d)(a). *See Nielsen v. Town of Silver Cliff*, 112 Wis. 2d 574, 580-81, 334 N.W.2d 242 (1983).

[10] We reject Clark's additional argument that, in its answer, the City failed to plead statutory noncompliance as an affirmative defense, pursuant to *Maple Grove Country Club Inc. v. Maple Grove Estates Sanitary District*, 2019 WI 43, ¶3, 386 Wis. 2d 425, 926 N.W.2d 184, and therefore waived any challenge on those grounds. The City's answer contained a list of "affirmative defenses," including that "Plaintiff's claims are subject to the limitations and immunities in [WIS. STAT. §] 893.80." Such statement fulfills the notice pleading standard. *Cf. Hlavinka v. Blunt, Ellis & Loewi, Inc.*, 174 Wis. 2d 381, 403, 497 N.W.2d 756 (Ct. App. 1993) ("[A] pleading must give the defending party fair notice of … the … claim [and] 'the grounds upon which it rests' …." (citation omitted)).