Robert J.PROBST and Accord, Inc., Plaintiffs-
Appellants,†

v.

WINNEBAGO COUNTY, Winnebago County Department
of Community Programs, Thomas Saari, Keith Laux,
John Phillip and Paul Stevenson, Defendants-
Respondents.

Court of Appeals

*No. 96–0186. Submitted on briefs November 10,
1996.—Decided January 15, 1997.*

(Also reported in 560 N.W.2d 291.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Mark A. Kent* of *Law Offices of Mark A. Kent* of Wauwatosa.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John E. Thiel* of *Godfrey & Kahn, S.C.* of Appleton.

Before Snyder, P.J., Brown and Anderson, JJ.

SNYDER, P.J. Robert J. Probst is the president and a shareholder in Accord, Inc., a certified alcohol and drug counseling facility. Accord is listed as a Winnebago county alcohol and drug treatment provider, and as such is in a position to be chosen as a provider for convicted drunk drivers who are ordered to undergo alcohol assessment. On August 1, 1994, Probst

and Accord filed a summons and complaint in the circuit court for Winnebago county. The complaint listed the respondents (collectively, the County) and alleged, inter alia, that "[t]he acts and conduct [of respondents] . . . constitute intentional interference with prospective contract rights, prima facie tort, negligence and further violate Chapter 133.03 and 134.01 Wis. Stats." Probst and Accord had previously filed an action naming the same defendants[1] in federal district court alleging a due process violation pursuant to 42 U.S.C. § 1983. That claim was dismissed.

The County sought to have the circuit court action dismissed on the grounds that Probst had failed to comply with the requirements of § 893.80, STATS., 1993-94, the notice of claim statute.[2] The circuit court ruled in favor of the County, concluding that no notice of claim had been filed pursuant to § 893.80(1) and that this failure required dismissal of the action. We agree and consequently affirm.

The initial complaint filed against the County was filed on July 23, 1993, in federal district court. That complaint alleged damages attributed to due process violations under 42 U.S.C. § 1983. The County filed a motion for summary judgment, which was granted by the federal court; a judgment of dismissal was entered on June 17, 1994.

---

[1] Defendant Paul Stevenson was added to the instant case.

[2] This section was amended by 1995-96 Wis. Act 158, §§ 17 and 18, effective April 4, 1996. The substantive changes are not pertinent to our analysis of the issue presented and do not affect the holding of the case: that the filing of an action in federal court does not satisfy the notice of claim requirements under state law. All references to § 893.80, STATS., however, incorporate the wording of § 893.80, STATS., 1993-94.

Probst then filed a complaint in circuit court. The factual allegations of that complaint included the contention that the County refused to allow clients to independently choose a treatment provider, systematically referred clients to other providers and, as a result, Probst and Accord "have experienced substantial financial loss in lost fees which would have resulted from providing [our] treatment services to clients . . . ." The complaint further alleged that these actions were in violation of WIS. ADM. CODE § HSS 62.07[3] and that the practices complained of were "consistent with the customary practice of the Winnebago County Department of Community Programs and [were] known to and ratified by Defendants . . . ."

The County responded to the circuit court action with a motion to dismiss, alleging that Probst had failed to comply with the notice of claim requirements of § 893.80, STATS. The circuit court found that § 893.80 "unambiguously prohibits commencement as well as maintenance of an action unless '[a] claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk . . . for the . . . subdivision or agency and the claim is disallowed.' " After finding that there had been no notice of claim filed, the court ordered summary judgment in favor of the County. This appeal followed.

■■■■
Probst now renews his contention that the original action filed in federal district court satisfied the notice requirements of § 893.80, STATS., and therefore the circuit court erred in dismissing this action. Resolution of this issue requires an examination of the notice of

---

[3] WISCONSIN ADM. CODE ch. HSS 62 was renumbered ch. HFS 62 pursuant to § 13.93(2m)(b)1, STATS.

claim statute and thus presents a question of statutory interpretation. A matter of statutory construction is a question of law which we review de novo. *See Gonzalez v. Teskey,* 160 Wis. 2d 1, 7-8, 465 N.W.2d 525, 528 (Ct. App. 1990). Furthermore, the application of a statute to undisputed facts is a question of law, also subject to de novo review. *See id.*

Section 893.80, STATS., provides that an action cannot be brought or maintained against a governmental body unless two requirements are met: service upon the governmental unit of written notice of the circumstances of the claim, *see* § 893.80(1)(a), and submission of a subsequent claim to the appropriate clerk, containing the claimant's address and an itemized statement of relief sought, *see* § 893.80(1)(b).[4] Upon receipt of the claim, the governmental body has 120 days in which to accept or disallow the claim. *See id.*

The supreme court noted in *DNR v. City of Waukesha,* 184 Wis. 2d 178, 198, 515 N.W.2d 888, 895 (1994), that "[t]wo basic principles guide this court's determination of whether a notice of claim is sufficient under sec. 893.80(1)(b), Stats." Those principles are: (1)

---

[4] The pertinent language of § 893.80(1), STATS., 1993-94, provides:

 (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision or agency and on the officer, official, agent or employe . . . . Failure to give the requisite notice shall not bar action on the claim if the . . . subdivision or agency had actual notice of the claim . . . and

 (b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk . . . and the claim is disallowed.

that the written claim must be definite enough to provide the municipality with the information necessary to decide whether to settle the claim and furnish it with sufficient information so that it can budget accordingly for either a settlement or litigation; and (2) that notices of claim should be construed so as to preserve bona fide claims. *See id.* (citing *Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 357 N.W.2d 548 (1984)). In furtherance of this second principle, only substantial, not strict, compliance with the notice statute is required. *See Figgs,* 121 Wis. 2d at 55, 357 N.W.2d at 554.

The issue here presented is whether the filing of the federal district court action complied with the mandates of § 893.80(1)(b), STATS.[5] Probst claims that he has met the notice of claim requirements because "[t]he prior Federal District Court action satisfied th[ose] requirements . . . ." He submits that the complaint filed in federal court "contained the address of the Claimant, an itemized statement of the relief sought, was presented to the Clerk for Winnebago County, as well as all other Defendants, and was denied in an answer and Motion to Dismiss filed by the Defendants, all before the commencement of the action

---

[5] Because of its conclusion that the action failed to comply with the notice of claim requirements outlined in § 893.80(1)(b), STATS., the trial court concluded that it was not necessary to consider the question of whether the action complied with § 893.80(1)(a). This subparagraph requires the giving of written notice concerning the circumstances of the claim within 120 days after the event which gives rise to the claim. Because this claim alleges an ongoing pattern of discriminatory actions on the part of the County, we concur with the trial court that an analysis of whether the County was given written notice or had constructive notice of the instant action is unnecessary.

in Winnebago County." He reasons that the County's motion to dismiss the federal lawsuit operated as a disallowance of his present state law claim. We are unpersuaded by Probst's argument.

The federal claim was a due process claim in which Probst alleged that the actions of the County and certain County employees violated his constitutional rights. He specifically alleged that by "intentionally and systematically . . . referring the clients to treatment programs other than the Plaintiff[s']" and "refusing to allow clients to independently choose [a] treatment provider," the County violated his right to due process. This was the only substantive claim in the federal lawsuit. State law claims were generically mentioned in a single sentence: "The acts and conduct hereinbefore alleged constitute abuse of process, prima facie tort, intentional tort and negligence under the laws of the State of Wisconsin." The complaint does not outline with particularity any cognizable state law claims.

██

Furthermore, the filing of the federal lawsuit did not " 'afford[ ] the municipality an opportunity to compromise and settle [the] claim.' " *See Figgs,* 121 Wis. 2d at 53, 357 N.W.2d at 553 (quoted source omitted). It gave the County no notice which would allow it to determine the strength of Probst's suit and thereby decide whether to settle or litigate. Additionally, there is no intrinsic reason to assume that should the federal lawsuit fail, a state law claim would necessarily be pursued. Even under the substantial compliance standard, the filing of a federal lawsuit is not adequate to meet Wisconsin's notice of claim requirements. We conclude that Probst's reliance

on the federal lawsuit as providing notice to the County of a state law claim is unfounded.

Probst also argues that dismissal of the action is not appropriate because "[w]hile the statute clearly reads that the various claims must be filed and disallowed prior to the lawsuit being commenced, common sense, judicial economy, and the efficient administration of justice require that this action not be dismissed so that an identical, new action be filed subsequent to the dismissal." He then goes on to suggest that this issue has not been addressed by any Wisconsin court and directs us to two Eleventh Circuit cases which apply a Florida notice of claim statute. *See Hattaway v. McMillian,* 903 F.2d 1440 (11th Cir. 1990); *Fitzgerald v. McDaniel,* 833 F.2d 1516 (11th Cir. 1987).

Setting Probst's authority aside, we conclude that this issue is controlled by *Schwartz v. City of Milwaukee,* 43 Wis. 2d 119, 128, 168 N.W.2d 107, 111 (1969). There the supreme court clarified, "[I]f the claim has not been filed and rejected at the time the issue is raised in the suit, which is commenced before the filing and rejection of the claim, *the action shall be dismissed.*" (Emphasis added.) Therefore, the circuit court's dismissal was proper.[6]

---

[6] We also note that the dismissal of this action for failing to comply with the notice of claim statute will not prejudice Probst. He can simply furnish the County with a proper notice of claim, wait the requisite 120 days while the County decides whether to settle or disallow the claim, and if it is disallowed proceed with an action. This will also further the objective of the notice of claim statute that the governmental entity be given an opportunity to investigate the claim and choose a course of action, in some cases avoiding costly litigation. *See Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 54, 357 N.W.2d 548, 554 (1984).

■

In sum, we conclude that to allow the filing of a federal lawsuit to satisfy the notice of claim requirements under state law ignores the essence of § 893.80, STATS. Probst's action failed to comply with the very plain language of § 893.80(1)(b) in that the action was commenced before complying with the notice of claim requirements. This failure required the circuit court to dismiss the action and we affirm that dismissal.

*By the Court.*—Order affirmed.