COURT OF APPEALS
DECISION
DATED AND FILED

July 7, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP1128**

STATE OF WISCONSIN

Cir. Ct. No. **2021CV52**

IN COURT OF APPEALS
DISTRICT IV

---

BRENDA JONES,

    PLAINTIFF-APPELLANT,

  V.

BRENT YORK AND ADAMS COUNTY,

    DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Adams County: TODD L. ZIEGLER, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Brenda Jones appeals an order of the Adams County Circuit Court granting summary judgment in favor of Adams County ("the

County") and Brent York (collectively, "the defendants") based on Jones' failure to comply with the statutory notice requirements set forth under WIS. STAT. § 893.80(1d) (2021-22).[1]  As pertinent to this appeal, § 893.80(1d) requires that a plaintiff such as Jones provide certain government entities and their employees with written notice of injury prior to initiating a lawsuit against such defendants based on that injury.  Sec. 893.80(1d)(a).  However, the plaintiff need not provide written notice of injury if the defendants had "actual notice" of the plaintiff's claim and the plaintiff "shows to the satisfaction of the court" that defendants were not prejudiced by the plaintiff's failure to provide notice of injury.  *Id.*  Jones concedes that she did not provide written notice of injury under § 893.80(1d)(a).  Nonetheless, Jones argues that summary judgment should not have been granted.  First, Jones contends that the defendants waived the requirements of § 893.80(1d)(a), and we reject that contention.  Second, Jones argues that there are genuine issues of material fact as to whether the defendants were prejudiced by her failure to provide written notice of injury.  We disagree and conclude that Jones has not rebutted the prima facie case of prejudice established by evidence submitted by the defendants by presenting evidence that raises any genuine issue of fact as to whether the defendants were prejudiced.  Therefore, we affirm.

## BACKGROUND

¶2      There is no dispute as to the following material facts.

¶3      Jones' house burned in 2013.  Brent York, an investigator for the Adams County Sheriff's Department at that time, investigated the cause of the fire.

---

[1]  The text of WIS. STAT. § 893.80(1d) is reproduced in pertinent part later in this opinion. All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Based in part on York's investigation, Jones was charged with arson in connection with the fire. After a two-day jury trial in which both York and Jones testified, Jones was convicted of arson in May 2016. Jones filed a postconviction motion, and a circuit court granted a new trial based on ineffective assistance of Jones' trial counsel. In November 2018, before the new trial began, the State dismissed all charges against Jones.

¶4 In August 2019—over nine months after the criminal charges against Jones were dismissed—Jones filed a lawsuit in federal court against York and the Adams County Sheriff's Department. In that lawsuit, Jones alleged that York provided false testimony about his investigation and violated Jones' rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding or losing exculpatory evidence. Based on these allegations, Jones asserted various federal civil rights claims as well as state law claims for malicious prosecution, supervisor liability, intentional and negligent misrepresentation, and intentional and negligent infliction of emotional distress. Jones did not provide the defendants with statutory notice of her claims or the circumstances of her claims under WIS. STAT. § 893.80(1d)(a) before filing the federal lawsuit.

¶5 In October 2019, while her lawsuit was pending in federal court, Jones served the County with a letter giving notice of her claims (the "Notice Letter"). Jones' Notice Letter quoted her federal complaint verbatim and included a claim for itemized damages.

¶6 In answer to Jones' federal court complaint, the defendants asserted a number of affirmative defenses, including that Jones' state law claims were barred because she failed to comply with the notice requirements of WIS. STAT. § 893.80(1d). The defendants filed a motion for summary judgment seeking

dismissal of Jones' federal civil rights claims on the merits and relinquishment to state court of the federal court's supplemental jurisdiction over Jones' state law claims. In April 2021, the federal court granted the defendants' motion for summary judgment and dismissed Jones' federal civil rights claims with prejudice. The court did not consider the merits of the defendants' argument about lack of notice under § 893.80(1d) and, instead, relinquished to state court supplemental jurisdiction over Jones' state law claims and dismissed those claims without prejudice.

¶7 In May 2021, Jones filed a complaint in the circuit court that asserted the same facts and state law claims that she alleged in her federal lawsuit. The defendants moved to dismiss Jones' claims on multiple grounds, including that she failed to provide proper notice under WIS. STAT. § 893.80(1d)(a). As pertinent to this appeal, § 893.80(1d)(a) requires that a plaintiff provide a written "notice of injury" to certain government entities and their employees before filing a lawsuit against those parties. *Clark v. League of Wis. Muns. Mut. Ins. Co.*, 2021 WI App 21, ¶12, 397 Wis. 2d 220, 959 N.W.2d 648 (citing § 893.80(1d)(a)). This notice can be satisfied in one of two ways: (1) by serving a "formal notice of injury" within 120 days of the event giving rise to the claim; or (2) by proving that the defendants had "actual notice" of the claim and that "the delay or failure to give the requisite [formal] notice has not been prejudicial" to the defendants. *Id.*, ¶¶13-14 (citing § 893.80(1d)(a)). In their motion to dismiss, the defendants argued that Jones did not satisfy these notice requirements because she failed to provide formal notice of injury within 120 days of the events giving rise to her claims. The defendants also argued that each was prejudiced by Jones' failure to provide formal notice of injury.

4

¶8 The circuit court treated the defendants' motion to dismiss as a motion for summary judgment and granted summary judgment in the defendants' favor.[2] Accordingly, the court dismissed Jones' claims with prejudice. Jones appeals.

¶9 Additional material facts are provided in the following discussion.

## DISCUSSION

¶10 On appeal, Jones argues that her claims are not barred by the notice requirements of WIS. STAT. § 893.80(1d) because the defendants waived their argument regarding § 893.80(1d). Jones also argues that, even if the defendants did not waive that argument, her claims are not barred by § 893.80(1d) because the defendants had "actual notice" of those claims and she has established that the defendants were not prejudiced by her failure to provide formal notice of injury within 120 days. We begin by setting forth governing principles and our standard of review regarding summary judgment and statutory interpretation.

---

[2] The circuit court treated the defendants' motion to dismiss as a motion for summary judgment because the court requested additional discovery regarding the defendants' WIS. STAT. § 893.80(1d) defense. *See* WIS. STAT. § 802.06(2)(b) ("If on a motion … to dismiss for failure of the pleading to state a claim upon which relief can be granted, … matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [WIS. STAT. §] 802.08."). The parties do not dispute that the circuit court properly treated the defendants' motion as a motion for summary judgment.

The circuit court also dismissed Jones' claims for negligent and intentional misrepresentation for failure to state a claim upon which relief may be granted. Jones does not challenge those dismissals on appeal, and we therefore do not address those causes of action in this opinion.

# I. Governing Principles and Standard of Review Regarding Summary Judgment and Statutory Interpretation.

¶11    We review a circuit court's decision granting or denying summary judgment independently, but we apply the same methodology as the circuit court. *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶14, 281 Wis. 2d 448, 699 N.W.2d 54. On summary judgment, the moving party is entitled to judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2); *see Bank of N.Y. Mellon v. Klomsten*, 2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364.

¶12    In reviewing the defendants' motion for summary judgment, we apply the following methodology.[3]  We consider the defendants' affidavits and other proof to determine whether those parties have made a prima facie case for summary judgment under WIS. STAT. § 802.08(2). *L.L.N. v. Clauder*, 209 Wis. 2d 674, 683, 563 N.W.2d 434 (1997). When, as here, the defendants are the moving parties, the defendants must establish a defense that defeats Jones' causes of action. *Id.* at 683 n.6. If the defendants have made a prima facie case for summary judgment, the opposing party (here, Jones) "must show, by affidavit or other proof, the existence of disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn that are sufficient to entitle the opposing party to a trial." *Id.* at 683. When determining whether there

---

[3] The initial step in summary judgment methodology is to examine the pleadings to "determine whether a claim for relief is stated." *L.L.N. v. Clauder*, 209 Wis. 2d 674, 682, 563 N.W.2d 434 (1997). For the purposes of this appeal, the parties do not dispute that this step has been satisfied.

is a "genuine issue of material fact," the affidavits and other proof submitted by the parties "are viewed in a light most favorable" to the party opposing summary judgment. *Id.* at 684.

¶13    This appeal also requires us to interpret WIS. STAT. § 893.80(1d). Statutory interpretation and the application of statutes to undisputed facts are questions of law that this court reviews de novo. *Landis v. Physicians Ins. Co. of Wis., Inc.*, 2001 WI 86, ¶¶12-13, 245 Wis. 2d 1, 628 N.W.2d 893. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*

## II.  The Defendants Did Not Waive Their WIS. STAT. § 893.80(1d) Defense.

¶14    As noted, Jones argues that the defendants waived the right to assert a WIS. STAT. § 893.80(1d) defense. Waiver is defined as "a voluntary and intentional relinquishment of a known right." *Batchelor v. Batchelor*, 213 Wis. 2d 251, 256, 570 N.W.2d 568 (Ct. App. 1997). Although the party need not intend to waive, the waiving party must act intentionally and with knowledge, actual or constructive, of the material facts. *Nugent v. Slaght*, 2001 WI App 282, ¶¶12-13, 249 Wis. 2d 220, 638 N.W.2d 594. Waiver is ordinarily a question of fact, but may be decided as a matter of law based on the conduct of the parties. *Gonzalez v. City of Franklin*, 137 Wis. 2d 109, 129, 403 N.W.2d 747 (1987). In the present case, there is no dispute as to the material facts regarding waiver. Therefore, Jones has the burden of demonstrating that the defendants' intent to waive can be

inferred as a matter of law from those undisputed facts. For the following reasons, we conclude that the defendants did not waive their § 893.80(1d) defense.

¶15 Jones argues that the defendants waived their right to assert a defense to Jones' state law claims under WIS. STAT. § 893.80(1d) because the "[d]efendants' choice to ask the federal court to relinquish its jurisdiction over the state law claims can only be interpreted as a clear and specific renunciation of a known right."[4] We are not persuaded. As the defendants correctly observe, federal courts are encouraged to relinquish supplemental jurisdiction of a party's state law claims if all federal claims have been dismissed. *Hansen v. Board of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction."). This "general rule" is "designed to minimize the occasions for federal judges to opine on matters of state law." *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997). When a federal court relinquishes a party's claims, it will ordinarily dismiss the claims without prejudice and "without an examination of the merits." *Id.* (emphasis omitted).

¶16 In the present case, the defendants' request that the federal court relinquish supplemental jurisdiction over Jones' state law claims cannot be reasonably construed as an abandonment or relinquishment of the defendants' right to assert a WIS. STAT. § 893.80(1d) defense. Rather, the only reasonable

---

[4] Jones concedes that the defendants' answer to Jones' federal court complaint raised notice as an affirmative defense pursuant to WIS. STAT. § 893.80(1d). The parties agree that the affirmative defense of failure to file the notice required by state law is not applicable to claims based in federal law. *See Felder v. Casey*, 487 U.S. 131, 134 (1988).

conclusion that can be drawn from the defendants' request for relinquishment of supplemental jurisdiction of Jones' state law claims is that the defendants intended to preserve the ability to assert their § 893.80(1d) defense if Jones refiled her state law claims in state court. Put differently, it is not reasonable to infer that the defendants intended to abandon or relinquish their right to assert a § 893.80(1d) defense simply because the defendants asked the federal court to dismiss Jones' state law claims without addressing the merits of those claims. In addition, Jones does not cite a single case in which a court has accepted an argument similar to that advanced by her on this issue. Thus, the defendants' request that the federal court relinquish Jones' state law claims was not a "voluntary and intentional relinquishment" of their § 893.80(1d) defense. *See Batchelor*, 213 Wis. 2d at 256.

¶17　Jones compares these facts to the facts of *Stanhope v. Brown County*, 90 Wis. 2d 823, 280 N.W.2d 711 (1979), and *Gonzalez*. In *Stanhope*, our supreme court stated that Brown County waived the statutory monetary limit on recovery against certain governmental entities because Brown County's insurance policy provided coverage in excess of that limit and prohibited the county from raising governmental immunity as a defense. *Stanhope*, 90 Wis. 2d at 848-52. In *Gonzalez*, our supreme court stated that a city did not waive the statutory limit on recovery merely because it purchased insurance coverage in excess of that limit. *Gonzalez*, 137 Wis. 2d at 132-33. Comparing the facts to *Stanhope*, the *Gonzalez* court ruled that waiver in that context requires an "express statement which could be construed to waive the liability limit or the statutory defense of limitation of recovery." *Id.* at 132.

¶18　Jones contends that these cases support her argument that the defendants waived the statutory right to assert WIS. STAT. § 893.80(1d) as a defense. According to Jones, the defendants' actions in the present case "are far

9

more clear in relinquishing a known right than the actions of Brown County in *Stanhope* and more clear than the ambiguous clauses in *Gonzales*." This argument fails because *Stanhope* and *Gonzalez* are factually distinct from the present case. Jones does not explain how the waiver of a statutory limit on recovery based on language in an insurance policy helps to determine whether the defendants waived the right to assert a § 893.80(1d) defense by seeking relinquishment of Jones' state law claims in a federal lawsuit, and we discern no such connection. Therefore, *Stanhope* and *Gonzalez* do not affect our conclusion that the defendants properly preserved their § 893.80(1d) defense.

### III. Jones' Claims Are Barred by WIS. STAT. § 893.80(1d).

¶19 As noted, the defendants argue that Jones' claims are barred because she failed to comply with the notice requirements of WIS. STAT. § 893.80(1d). We begin by describing the notice requirements set forth under that statute.

### A. Notice Requirements Under WIS. STAT. § 893.80(1d).

¶20 WISCONSIN STAT. § 893.80(1d) requires that plaintiffs provide two types of notice to certain government entities and their employees before filing suit against those parties. *Clark*, 397 Wis. 2d 220, ¶11.[5] The first notice

---

[5] Specifically, WIS. STAT. § 893.80(1d) states in relevant part:

> [N]o action may be brought or maintained against any … political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employee of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

(continued)

10

mentioned in the statute is often referred to as the "notice of injury." ***Id.***, ¶12 (citing § 893.80(1d)(a)). "The primary purpose of this notice is to enable governmental entities to promptly investigate and evaluate the underlying circumstances that may later give rise to a claim." ***Id.***

¶21 The notice of injury requirement under WIS. STAT. § 893.80(1d)(a) may be satisfied in one of two ways. First, a plaintiff may provide the defendant with a "formal notice of injury." ***Id.***, ¶13. To satisfy this requirement, the plaintiff must serve on the defendant "written notice of the circumstances of the claim" within 120 days of the event giving rise to the claim. Sec. 893.80(1d)(a). This notice "need not apprise the defendant of the claim itself." ***Clark***, 397 Wis. 2d 220, ¶13. Rather, this notice "simply alerts the defendant that an incident occurred that might thereafter ripen into a claim." ***Id.***

---

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the … political corporation, governmental subdivision or agency and on the officer, official, agent or employee under [WIS. STAT. §] 801.11. Failure to give the requisite notice shall not bar action on the claim if the … corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant … corporation, subdivision or agency or to the defendant officer, official, agent or employee; and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant … corporation, subdivision or agency and the claim is disallowed.

Sec. 893.80(1d). Jones does not dispute that her claims against York and Adams County are subject to the notice requirements set forth under § 893.80(1d).

11

¶22    The plaintiff may also satisfy the notice of injury requirement pursuant to what case law refers to as the "savings clause" set forth in WIS. STAT. § 893.80(1d)(a). *Id.*, ¶14. Under this clause, the plaintiff need not provide formal notice of injury if two conditions are satisfied. The first condition is that the defendant "had actual notice of the claim." Sec. 893.80(1d)(a). "Actual notice" is different from the written formal notice of injury requirement in that the plaintiff must give actual notice of the plaintiff's "claim," not the mere "circumstances" that may later give rise to a claim. *Clark*, 397 Wis. 2d 220, ¶14. Additionally, actual notice is "not limited to a particular timeframe and may occur outside the 120 days following the injury-causing event." *Id.* The second condition is that the plaintiff "shows to the satisfaction of the court that the delay or failure to give the requisite [formal notice of injury] has not been prejudicial [to a defendant]." *Id.*, ¶14. "Prejudice in this context has been defined as 'the inability of a party to adequately defend a claim' because the party lacked sufficient opportunity to conduct a prompt investigation." *Id.*, ¶23 (quoting *Olsen v. Township of Spooner*, 133 Wis. 2d 371, 379-80, 395 N.W.2d 808 (Ct. App. 1986)). In assessing whether the defendant was prejudiced, the key inquiry is as follows: "What, if anything, would the defendant have done differently had the plaintiff timely served a statutorily compliant written notice describing those circumstances?" *Id.*, ¶25.

¶23    In addition to the notice of injury under WIS. STAT. § 893.80(1d)(a), the plaintiff must also provide the defendant with a "notice of claim" under § 893.80(1d)(b). The notice of claim requires that the plaintiff present the defendant with a "claim containing the address of the claimant and an itemized statement of the relief sought." Sec. 893.80(1d)(b). This portion of the statute "serves the primary purpose of giving the defendant 'the opportunity to

12

compromise and settle a claim, thereby avoiding costly and time-consuming litigation.'" *Clark*, 397 Wis. 2d 220, ¶15 (quoting *Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Village of Sister Bay*, 2019 WI 4, ¶20, 385 Wis. 2d 158, 922 N.W.2d 95).

## B.  The Defendants Were Prejudiced by Jones' Failure to Comply With WIS. STAT. § 893.80(1d).

¶24    In the present case, Jones concedes that she failed to provide a formal notice of injury within 120 days of the events giving rise to her claims pursuant to WIS. STAT. § 893.80(1d)(a).[6]  Instead, Jones contends that summary judgment should not have been granted because there are genuine issues of material fact as to whether she satisfied the savings clause under § 893.80(1d)(a). In response, the defendants argue that Jones did not satisfy the savings clause for two reasons, either of which is sufficient to affirm the order of the circuit court: (1) Jones' actual notice was not timely because she provided that notice after she filed her federal court lawsuit; and (2) Jones has not established a genuine issue of material fact that her failure to provide formal notice of injury within 120 days was not prejudicial to the defendants.  For the following reasons, we conclude that the defendants are entitled to summary judgment on the § 893.80(1d) defense

---

[6] The defendants argue that the events giving rise to Jones' claim concerning supervisor liability and infliction of emotional distress occurred at various times during York's investigation and Jones' trial, but no later than May 6, 2016, the date that Jones was convicted.  As for Jones' claim concerning malicious prosecution, the defendants argue that the event giving rise to this claim occurred no later than November 12, 2018, the date when the State dismissed all charges. For her part, Jones contends that all of her claims became "ripe" on the date when the State dismissed its charges.  In any event, Jones concedes that she did not provide formal notice of injury within 120 days of November 12, 2018.

Separately, we note that Jones does not dispute that the prejudice analysis applies to both the County and York.

13

because Jones has not satisfied her burden of raising a genuine issue of material fact as to whether the defendants were prejudiced by her failure to provide formal notice of injury.[7]

¶25 As explained above, as pertinent here the first step in the summary judgment analysis is to consider the affidavits and other proof of the moving parties—here, the defendants—to determine whether the defendants have made a prima facie case for summary judgment. *L.L.N.*, 209 Wis. 2d at 683. In the context of the WIS. STAT. § 893.80(1d) defense, the defendants can make a prima facie showing by setting forth admissible evidence that each was prejudiced by Jones' failure to give formal notice of injury—*i.e.*, notice of the "circumstances" of her claims—within 120 days of the injury-causing event. *See id.*; *see* § 893.80(1d)(a).[8] In our analysis, we keep in mind that § 893.80(1d) places the burden on Jones to establish that the defendants were able to adequately defend Jones' claims because the defendants had "sufficient opportunity to conduct a prompt investigation." *See Clark*, 397 Wis. 2d 220, ¶23.

¶26 The defendants rely on an affidavit of Mindy Dale, a labor and employment attorney who served as outside counsel for the County and, from May 2020 to at least February 2022, served as Interim Corporation Counsel in Adams County. In her affidavit, Dale avers that the County asked her in October 2018, in

---

[7] Because we conclude that Jones has not raised a genuine issue of material fact as to whether the defendants were prejudiced, we need not address whether Jones provided timely "actual notice" under WIS. STAT. § 893.80(1d)(a). *See E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶48, 335 Wis. 2d 720, 800 N.W.2d 421 (holding that a court need not address whether a defendant received actual notice of a plaintiff's claim if the plaintiff fails to show that the defendant suffered no prejudice).

[8] Jones does not argue that the information the defendants rely on is inadmissible evidence.

her capacity as outside counsel, to investigate York's potential **Brady** violations in a separate matter. During the course of that investigation, Dale learned of a postconviction motion in Jones' criminal case in which Jones argued, among other things, that York's testimony was inconsistent with another police officer's report. As a result, the County asked Dale to investigate Jones' allegations regarding York's conduct in Jones' criminal case. In her investigation of Jones' allegations, Dale learned that Jones' criminal defense attorney failed to obtain the police officer's report or present that report during trial. Dale avers in her affidavit:

> [T]here was no opportunity at trial to determine whether [York's] testimony was truly inconsistent and if so, which version of information was correct. There was also no opportunity at trial to determine whether [York] simply forgot certain statements or details, and [Jones'] criminal defense attorney never introduced the police report to try to refresh [York's] recollection.

Due to this lack of information, Dale avers that she decided not to investigate Jones' claims against York: "Because the alleged inconsistency was not the only—or even the main—basis raised for postconviction relief, I conducted no further investigation into [Jones'] 2016 criminal trial and saw no reason to do so at that time." Dale closed her investigation and issued a report in January 2019. That was eight months before Jones gave what Jones now asserts was actual notice to the defendants through the Notice Letter and twenty months after Jones was found guilty by a jury.

¶27 Dale avers that the County was prejudiced by Jones' failure to provide the requisite formal notice of injury within 120 days. Dale's affidavit describes Dale's familiarity with Adams County procedures in these circumstances. She avers in relevant part:

> 3. In my capacity as outside labor and employment counsel and Interim Corporation Counsel, I am familiar

with how Adams County handles Notices of Circumstances and Notices of Claim served on it pursuant to WIS. STAT. § 893.80(1d).

....

11. When the County's insurer receives a copy of the statutory notice, the County's insurer undertakes an analysis of the alleged circumstances and claims. Corporation Counsel's Office gathers potentially relevant in-house materials and information, speaks with any potentially relevant witnesses or involved employees, and forwards that information to the County's insurer.

....

15. As part of the investigation into a statutory notice, the County's Administrative Coordinator, in conjunction with Corporation Counsel and/or outside legal counsel, evaluates the financial and labor cost of any potential litigation if the claim is disallowed, including costs and attorney's hours and fees and how much time and what kinds of resources may be required to defend against litigation.

....

17. Upon completion of the investigation into the claims asserted in the statutory notice, the Corporation Counsel then informs the County Board Chair who places the issue on the County Board agenda for a decision regarding disallowance.

Dale's affidavit then sets forth the prejudice that typically occurs based on late notice from claimants:

19. If a claimant does not serve Adams County with timely statutory notice (within 120 days of the happening of the event giving rise to the claims), the County's investigation into the allegations is almost always more difficult. Turnover in knowledgeable staff means that necessary or relevant information may be compromised or lost. Depending on when the events occurred, relevant documents also may have been destroyed based on the County's records retention policy.

20. In my experience, the longer a claimant waits to provide the County with statutory notice, the more likely it

16

is that witnesses forget or confuse details relevant to the investigation.

> 21. In my experience, the longer the delay in providing the County with statutory notice, the more likely it is that County employees and third parties who were involved in or who witnessed the event have left their employment….

> 22. In my experience, the longer the delay in providing the County with statutory notice, the more likely it is that the County will be unable to locate former County employees and third parties at all for purposes of investigating and gathering potentially relevant information.

> 23. In my experience, the longer the delay in providing the County with statutory notice, the more likely it is that incorrect rumors or gossip start being spread amongst County employees about the event and/or claims. In turn, this makes it harder to obtain thorough, accurate, and unbiased information from employees during the investigation of the allegations.

> 24. In my experience, the longer the delay in providing the County with statutory notice, the more likely it is that strategic or privileged information is shared amongst employees discussing the allegations. In turn, this hampers the County's ability to perform a thorough investigation and can weaken or eliminate defenses that would otherwise have existed had the statutory notice been timely served.

Dale's affidavit further states:

> 18. If a claimant does not serve Adams County with statutory notice, or if a claimant files a lawsuit before serving Adams County with statutory notice, Adams County is unable to evaluate the costs and potential exposure arising from any litigation and use such information to determine whether to settle the claim(s) pre-suit.

Dale's affidavit also describes the activities that could have taken place had Jones provided timely notice:

> 30. Had Brenda Jones served the County with statutory notice within 120 days of the happening of the

17

events giving rise to her claims of supervisor liability … and infliction of emotional distress, the County could have immediately reviewed the relevant testimony from her 2016 criminal trial, the documents related to or used in her criminal trial, and the representations in question.

31. Had Brenda Jones served the County with statutory notice within 120 days of the happening of the events giving rise to her claims of supervisor liability … and infliction of emotional distress, the County could have immediately began interviewing those involved in the 2016 criminal trial, including, but not limited to, the Assistant District Attorney who prosecuted the matter who is no longer an Assistant District Attorney in Adams County, Marshfield Police Officers, Brent York, and others who were involved in the 2016 criminal trial.

32. Had Brenda Jones served the County with statutory notice within 120 days of the happening of the events giving rise to her claim of malicious prosecution in 2018, the County could have timely researched and investigated the allegations so that the County Board could have reviewed and considered how to proceed.

33. Had Brenda Jones served the County with statutory notice within 120 days of the happening of the events giving rise to her claims, the County Board could have considered the Administrative Coordinator's evaluation of potential financial exposure. This would have allowed the County Board to budget for litigation and/or settlement and consider any other potential financial consequences of the alleged claims.

¶28 In summary, the affidavit sets out both specifics regarding the circumstances here, as well as the standard relevant procedures in Adams County for investigation of a claim, and the typical problems in investigation of late claims that cause prejudice to the County in defending the claim and resolving the claim. Based on these averments in Dale's affidavit, we conclude that the defendants have made a prima facie case for summary judgment on the issue of prejudice. *See **L.L.N.***, 209 Wis. 2d at 683.

¶29     The next step in our summary judgment analysis is to determine whether Jones has satisfied her burden of showing, "by affidavit or other proof, the existence of disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn" that are sufficient to entitle her to a trial on the issue of prejudice.  *Id.*  For the following reasons, we conclude that Jones has not satisfied this burden.

¶30     Jones argues that the defendants were not prejudiced because the County conducted an investigation of the events giving rise to Jones' state law claims when defending against her claims in federal court.  We are not persuaded.  As explained above, Jones has the burden on summary judgment of showing, "*by affidavit or other proof*, the existence of disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn."  *Id.* (emphasis added).  However, Jones does not cite to any affidavit or other evidence to support her assertion that the County conducted an investigation after she filed her federal lawsuit, nor what the scope or nature of such an investigation entailed.  Instead, the only support Jones provides regarding this assertion is a portion of the circuit court's oral summary judgment ruling in which the court generally opined that the defendants conducted an investigation after Jones filed her federal lawsuit.  The circuit court's statement does not carry any evidentiary weight because we review the record and the court's summary judgment decision independently.  *See Mrozek*, 281 Wis. 2d 448, ¶14.  Additionally, this statement of the circuit court regarding the County's purported investigation, without more, does not satisfy Jones' burden because Jones does not provide any affidavit or other evidence in the record to support, or provide any substance to, the circuit court's general statement.  For instance, Jones does not provide any evidence as to the extent of such an investigation that the County purportedly conducted or any evidence from

that investigation to indicate that the defendants are now able to adequately defend against her claims. Thus, the circuit court's statement regarding the County's purported investigation does not satisfy Jones' burden on summary judgment.

¶31 Jones next argues that the defendants were able to adequately defend against Jones' claims because Dale had the opportunity to investigate York's alleged misconduct in Jones' criminal case. In support of this argument, Jones cites only to Dale's affidavit and a portion of a deposition in which Adams County Sheriff Samuel Wollin testified that he believed Dale was investigating York's "truthfulness" in Jones' criminal case. However, Jones does not point to any affidavit or other evidence—or to any portion of Dale's affidavit or Wollin's deposition—that creates a dispute of fact as to Dale's description of the prejudicial impacts of Jones' improper notice. For instance, Jones does not point to any evidence to indicate that the relevant documents from her criminal trial were still available at the time of Dale's investigation or, more importantly, that the individuals involved in her trial were still available for Dale to interview and that their memories of relevant events had not faded. Jones also does not articulate any "reasonable alternative inferences" regarding Dale's description of prejudice that may be drawn from Dale's affidavit or Wollin's deposition. *See id.* Thus, Jones has not satisfied her burden of demonstrating a genuine dispute of fact as to Dale's investigation into York's conduct in Jones' criminal case.

¶32 Jones also contends that the defendants were not prejudiced because the County had an "opportunity" to investigate the circumstances giving rise to her claims after she filed her Notice Letter. In this context, Jones' argument misses the mark. As explained above, Jones does not point to any affidavit or other evidence that creates a genuine dispute of fact or supports a reasonable alternative inference as to the prejudicial effects of late notice described in Dale's affidavit.

20

Similarly, Jones does not provide any evidence or otherwise explain how the defendants' receipt of her Notice Letter, months after Dale closed her investigation, somehow alleviated the prejudice described in Dale's affidavit. Thus, even if Jones' Notice Letter gave the County an "opportunity" to investigate the circumstances giving rise to her claims, Jones has not satisfied her burden of showing that there is a genuine dispute of fact as to the prejudicial effects described in Dale's affidavit.

¶33    In sum, the defendants have made a prima facie case for summary judgment on the element of prejudice, but Jones has not satisfied her burden of raising a genuine issue of material fact that would entitle her to a trial on that element.    Therefore, we conclude that the defendants are entitled to summary judgment on the WIS. STAT. § 893.80(1d) defense.

### IV.  Dismissal With Prejudice.

¶34    Jones argues in the alternative that, if she did not establish prejudice, the circuit court was required to dismiss her causes of action without prejudice. We disagree.    As our supreme court has recently explained, WIS. STAT. § 893.80(1d) is a "condition in fact requisite to liability." *Maple Grove Country Club Inc. v. Maple Grove Ests. Sanitary Dist.*, 2019 WI 43, ¶35, 386 Wis. 2d 425, 926 N.W.2d 184.  Stated differently, "[a] plaintiff's failure to satisfy the condition precedent provided by § 893.80 results in a loss of the right to proceed with the action against the governmental entity." *Rouse v. Theda Clark Med. Ctr., Inc.*, 2007 WI 87, ¶19, 302 Wis. 2d 358, 735 N.W.2d 30.  If a plaintiff fails to comply with the notice requirements of § 893.80(1d), the plaintiff's action must be dismissed with prejudice.  *Id.*, ¶33 (holding that the circuit court properly dismissed the plaintiff's action with prejudice because he failed to provide formal

21

notice of injury or actual notice under § 893.80(1d)(a)). In the present case, as explained above, Jones failed to provide proper notice of injury pursuant to § 893.80(1d)(a) or to comply with the requirements of the savings clause. Therefore, Jones' lawsuit must be dismissed with prejudice.

¶35    Jones argues that she should be allowed to refile her claims because the consequence for failing to comply with WIS. STAT. § 893.80(1d) is merely dismissal without prejudice. In support, Jones points to two cases in which a plaintiff's action was dismissed without prejudice for failure to provide proper notice to the defendant.[9] As explained next, these cases do not alter our conclusion because those cases involve a plaintiff's failure to comply with the "notice of claim" requirement under § 893.80(1d)(b), not the "notice of injury" requirement under § 893.80(1d)(a).

¶36    The "notice of claim" provision under WIS. STAT. § 893.80(1d)(b) has two elements that must be met before the plaintiff commences an action against certain government entities: (1) the plaintiff must present defendant with a "claim containing the address of the claimant and an itemized statement of the relief sought"; and (2) the defendant must disallow that claim. Sec. 893.80(1d)(b). If the defendant disallows the plaintiff's claim, then the plaintiff must bring an action on that claim within six months of the notice of disallowance. Sec. 893.80(1g). In ***Probst v. Winnebago County***, 208 Wis. 2d 280, 560 N.W.2d 291 (Ct. App. 1997)—one of the cases on which Jones relies—Probst commenced

---

[9] Jones also cites to an unpublished, per curiam opinion from this court to support her argument. While unpublished opinions issued after July 1, 2009, may be cited for persuasive value, this is true only as to *authored* opinions, which do not include per curiam opinions. *See* WIS. STAT. RULE 809.23(3). We disregard any argument relying on the unpublished per curiam opinion and admonish counsel to avoid this practice in the future.

an action against the defendant without first providing a proper "notice of claim" under § 893.80(1d)(b). ***Probst***, 208 Wis. 2d at 283-84, 287-88. This court held that Probst's failure to comply with § 893.80(1d)(b) merely required dismissal without prejudice. ***Id.*** at 288 n.6.[10] Similarly, in ***Colburn v. Ozaukee County***, 39 Wis. 2d 231, 159 N.W.2d 33 (1968)—the other case on which Jones relies—our supreme court stated that Colburn's action must be dismissed without prejudice because he provided only a "notice of injury," not a "claim." ***Colburn***, 39 Wis. 2d at 236-37, 239.[11]

¶37      In the present case, if Jones had provided proper notice of injury under WIS. STAT. § 893.80(1d)(a) but merely failed to provide proper notice of claim under § 893.80(1d)(b), then ***Probst*** and ***Colburn*** would apply and her action would likely be dismissed without prejudice. As this court explained in ***Probst***, if a plaintiff's action is dismissed for failure to provide a proper notice of claim, the plaintiff can "simply furnish the [defendant] with a proper notice of claim, wait the requisite 120 days while the [defendant] decides whether to settle or disallow the claim, and if it is disallowed proceed with an action." ***Probst***, 208 Wis. 2d at 288 n.6. However, as explained above, Jones failed to demonstrate that she provided the defendants with proper notice of injury under § 893.80(1d)(a). Therefore,

---

[10] This court declined to address whether Probst complied with the notice of injury requirements under WIS. STAT. § 893.80(1d)(a) because his claim "alleges an ongoing pattern of discriminatory actions on the part of the [defendant]" and because its conclusion regarding § 893.80(1d)(b) was dispositive. ***Probst v. Winnebago Cnty.***, 208 Wis. 2d 280, 286 n.5, 560 N.W.2d 291 (Ct. App. 1997).

[11] In ***Colburn***, our supreme court analyzed two statutes that predate WIS. STAT. § 893.80(1d) and required that plaintiffs commencing certain claims against a county provide the county with a "notice of injury" and a "claim." ***Colburn v. Ozaukee Cnty.***, 39 Wis. 2d 231, 235-236, 159 N.W.2d 33 (1968).

*Probst* and *Colburn* do not apply, and we conclude that the circuit court properly dismissed Jones' action with prejudice. *See Rouse*, 302 Wis. 2d 358, ¶33.

## CONCLUSION

¶38    For the foregoing reasons, the order of the circuit court is affirmed.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.